**IN THE COURT OF APPEALS OF IOWA**

No. 14-0732
Filed April 22, 2015

**THOMAS MILLENKAMP,**
     Plaintiff-Appellant,

**vs.**

**MILLENKAMP CATTLE CO. and ALLIED INSURANCE CO.,**
     Defendant-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

A claimant appeals an adverse ruling on judicial review arising from an Iowa Workers' Compensation Commission proceeding. **AFFIRMED.**

Dennis Currell of Currell Law Firm, Cedar Rapids, for appellant.

Richard G. Book of Huber, Book, Cortese & Lane, P.L.L.C., West Des Moines, for appellees.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

This is the latest in a series of appeals involving Thomas Millenkamp's workers' compensation claim and related proceedings. *See Millenkamp v. Millenkamp Cattle, Inc.*, No. 11-2068, 2013 WL 1452961 (Iowa Ct. App. Apr. 10, 2013); *Millenkamp v. Millenkamp Cattle Co.*, No. 08-1373, 2009 WL 2170177 (Iowa Ct. App. July 22, 2009); *Millenkamp v. Millenkamp Cattle Co.*, No. 06-2078, 2008 WL 4525775 (Iowa Ct. App. Oct. 1, 2008). In this appeal, Millenkamp seeks review of an agency decision denying his request for alternate medical care.

His present appeal is virtually identical to his appeal from an earlier alternate medical care decision. *See Millenkamp v. Millenkamp Cattle, Inc.*, No. 11-2068, 2013 WL 1452961 (Iowa Ct. App. Apr. 10, 2013). There, the employer refused to authorize a neurologist of his choice, Dr. Neiman, and referred Millenkamp to another neurologist, Dr. Cullen. *Id.* at *1-2. The agency found Millenkamp failed to inform the employer of his original neurologist's retirement, failed to ask the employer who he should see next, unilaterally began treatment with Dr. Neiman, continued treatment with him even after he was informed Dr. Neiman was not authorized, and refused to attend a scheduled appointment with Dr. Cullen. *Id.* at *8. The agency further found the employer's selection of Dr. Cullen was an exercise of its "statutory right to select care." *Id.*; *see* Iowa Code § 85.27(4) (2009). This court affirmed the agency decision, after discerning substantial evidentiary support for the agency's fact findings. *Millenkamp*, 2013 WL 1452961, at *8.

Here, Millenkamp again challenges the employer's refusal to authorize care with Dr. Neiman and the employer's designation of Dr. Cullen as the authorized treating neurologist. The deputy workers' compensation commissioner, whose decision was largely affirmed by the commissioner, made virtually identical findings as the findings in the previous alternate medical care proceeding. The agency again cited Millenkamp's failure to notify the employer of his original neurologist's retirement, his decision to begin treatment with Dr. Neiman, and his continued treatment with Dr. Neiman and refusal to see Dr. Cullen. The agency further found, "Claimant did not treat with Dr. Neiman because he offered a better course of treatment than Dr. Cullen offered. Rather, he treated with him simply because he wanted to choose his own doctor. . . . Thus, claimant has not established entitlement to the medical expenses of Dr. Neiman." *See Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 208 (Iowa 2010) ("Although an employee may assert a claim for expenses of the unauthorized care, the employee must prove the unauthorized care was reasonable and beneficial under all the surrounding circumstances, including the reasonableness of the employer-provided care, and the reasonableness of the decision to abandon the care furnished by the employer in the absence of an order from the commissioner authorizing alternative care."). The deputy stated, "Claimant has circumvented the statutory authorization of his treating physician by defendants, and it would be inappropriate to reward that conduct by authorizing Dr. Neiman." *See* Iowa Code § 85.27(4) (2011).

The agency's findings are supported by substantial evidence. *See* Iowa Code § 17A.19(10)(f) (2013); *Bell Bros.*, 779 N.W.2d at 208-09 (reviewing claim

for reimbursement of expenses associated with unauthorized medical care and claim for alternative medical care for substantial evidence).

Millenkamp attempts to distinguish this appeal from the earlier one by pointing to certain correspondence from Dr. Cullen obtained following the hearing, which he attached to a "request for order to reopen record and for limited remand." The commissioner denied the request, reasoning the evidence could have been obtained before the hearing and, in any event, post-hearing correspondence was immaterial. We discern no abuse of discretion in this ruling. *See* Iowa Code §§ 17A.14(1) ("Irrelevant, immaterial, or unduly repetitious evidence should be excluded."), .19(10)(n) (reviewing agency action to determine whether it was "unreasonable, arbitrary, capricious, or an abuse of discretion"). We also discern no abuse of discretion in the district court's denial of a similar motion. Because the post-hearing evidence was not considered by the agency, we cannot consider it. *See Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 191 n.1 (Iowa 2013).

We affirm the commissioner's decision denying Millenkamp's alternate care petition. We find it unnecessary to decide other issues raised by Millenkamp.

**AFFIRMED.**